The property in which dower was demanded, belonged to plaintiff's husband, Matthew Bordly, who died in 1828, and who sold and conveyed it to John Bordly as long ago as 1800. Matthew Bordly's title seemed to have been derived from a partition in equity between John S. Paca, himself and others. John Bordly and wife conveyed, in 1800, to Thomas B. Randel, and in 1803, one Richard S. Thomas conveyed the same property to James A. Bayard. The connection between Randel and Thomas was not shown; but from James A. Bayard to the defendant the title was regularly traced.
Mr. Bayard, on this case, asked that the plaintiff should be nonsuited; 1. because the action was barred by limitation; 2. because the right of dower rests in the legal seizin of the husband, which had not been proved.
1. The act of limitation. In England there is no act barring dower. The Stat. 21. Jac. 1, does not bar dower. There is nothing in it by its terms or effect which would make it applicable to dower. The English decisions rest on that statute. It does not bar a writ of right — a writ of dower, c. (Ball. Lim. 1.) Our stat. varies the law of limitations in many respects. [Dig. 396.]
The right of dower is a right only. It is not an estate or interest in the land until assignment. The writ of dower is a real action.
The first clause of our act of limitation bars the right of entry which the widow has not; it bars a claim of title; but the next clause bars "any action, real, personal or mixed," after twenty years, with a saving of ten years after the removal of disabilities.
In this case the husband died in 1828, more than ten years before this suit brought: it is brought in respect of the husband's seizin, a seizin which existed forty-eight years ago, but not within twenty years. The widow is bound to prove a seizin of the husband within twenty years; or proving a seizin outside of that, she must bring her action within ten years. *Page 155 
Suppose the suit brought by an heir at law of Matthew Bordly, he would have to show a seizin of M. B. within twenty years next before. Why? Because he claims as of the seizin of M. B. How does the wife claim? By the marriage, seizin, and death of the husband. Her writ of dower is an action founded on the husband's seizin, which must be proved within twenty years, or under the proviso, within ten years, if the seizin be beyond that.
2. A legal seizin of the husband must be proved, which is not proved in this case. The defendant is not estopped to deny the seizin, because it does not appear that he claims under Mr. Bordly.
It is not law, as decided in New York, that a man taking a conveyance from husband and wife is estopped to deny the seizin of the husband.
Technical estoppels i.e., estoppels by deed are not favored; otherwise of estoppels in pais arising from the acts of the party. (44L. Lib. 454, Smith Lead. Ca., Doe vs. Oliver.)
The doctrine of the English Courts is that the wife cannot estop the tenant to deny her husband's seizin, and therefore he is not estopped to deny that seizin in her action for dower. The estoppel must be mutual.
(7 Wheat. Rep. 547, Blight's lessee vs Rochester.) Vendee is not estopped to deny the title of his vendor. (16. Peters rep. 54, 3; 3Hills Rep. 518; 2 Sm. lead. ca. 472 n; 32 Eng. C. L. R. 42; [3 Bing.N.C. 69.]
A legal seizin can be proved only by tracing title down from the proprietary, or by twenty years possession.
The fact that a party makes a deed and conveys land, does not prove seizin, unless the deeds be traced down from the proprietory.
Matthew Bordly's deed to John Bordly, recites the partition between Paca Bordly; the deed to Randel does the same. The next step is a deed from Richard S. Thomas to James A. Bayard, making no reference to the partition and that title. The inference would be that R. S. Thomas claimed or held under an entirely different title. Much less does it show a seizin or possession in Matthew Bordly; nothing shows that R. S. Thomas claimed under Matthew Bordly, and unless we are shown to claim through him, under Matthew Bordly, these partition proceedings and all other, the deeds aforesaid, are not evidence against us; they are res inter alios acta.
Even if we, claiming under Matthew Bordly, would be estopped *Page 156 
to deny his seizin, they have shown nothing to connect us with M. Bordly.
3. The deed of the husband with a covenant for further assurance, barred dower before the act of 1816. The land could be sold, discharged of dower, before that act, for any liabilities of the husband to prevent circuit of action, therefore the Court would hold the dower barred by the deed of the husband with a covenant for further assurance.
Wm. H. Rogers for plaintiff.— This is the first case in which the act of limitation has been set up to the action of dower; such has never been the opinion of the bench or bar of the State; it has never been held in any of the States, where legislation has not made it so, as has been done in some of the States, and as is now the law in England by Statute. (Wm. IV; Hillyard's Abridg. 98.)
To bring the case within the statute it must be within its letter, not merely constructively within its mischief and object. As to dower, it is among the most favored claims; put on a footing with life and liberty. Dower is not now a common law right; it is a right by force of the act of 1816. It is not a right of entry, but is something more than a right of action; it is an indefeasible right to land. If it were a right of entry, it has been commenced within twenty years from the time the right first accrued. Does this claim come within the next clause? The act requires a seizin either in the claimant or in her ancestor or predecessor. Is there any such requisition in reference to the claim of this demandant? Seizin in herself is impossible; seizin in an ancestor or predecessor is equally out of the question. The husband is neither ancestor nor predecessor to his wife in respect of her title to dower. That title is not derived as of any consecutive conveyance or descent from an ancestor or predecessor, it is a title derived from the marriage, seizin and death of the husband, paramount to his conveyances. The saving clause is equally inapplicable to the claim of dower. How can she be included in the exception as a feme covert in respect of a claim accruing to her, not as a feme covert, but by reason of her discoverture? There is none of the language of the act of which applies to a dowress or to the claim of dower. Their construction would lead to the conclusion that the widows dower is barred in every case where the husband lives twenty years after a conveyance by him; that is a barring the claim before right of action. *Page 157 
2. As to proof of seizin of the husband; we have traced the title from Matthew Bordly to defendant with a single break. The question will be for the jury whether defendant does hold under M. B. All the recitals of the deeds bind this defendant. I have proved a partition in Circuit Court between Paca and M. B., and delivery of M. B's share to him, a severance of the common and inception of the several possession. If I can show that the defendant has the title of M. B., it is a technical estoppel arising from the recitals in these deeds recognizing the partition and several holding. The simple conveyance by a husband has been held to operate as an estoppel on the grantee to deny his seizin. (1 Caine's N. Y. R. 185; Hilly. Abridg. 67; 2 Johns R. 119; 6 Johns R.
290; 7 Johns R. 278.)
3. The dower claimed is under the act of 1816, and is discharged from all the acts of the husband. And the liability of the husband on his covenant for further assurance, does not necessarily extend to the wife's dower, at least before covenant broken, and a judicial determination that it is broken. If the dower were barred by the ascertained liability of the husband on this covenant, how can the mere entering into the covenant defeat the dower?
Bayard in reply. — 1. limitation. Dower was not a favored right in this State prior to 1816. The claim of creditors and purchasers were always preferred to dower. The action of dower was never brought in this State until the year 1829. Since the act of 1829, which removed some of the difficulties attending this action, but few actions of dower have been brought. The questions now raised are therefore new. The first one is, what was the demandant's right under the law at the time her husband conveyed the land. It is no argument that the policy is different in relation to different actions. The question is whether the act bars an action of dower, and if the consequence imputed follows, it cannot be helped. No right of dower could have been given by the law of 1816, in this case, which did not exist in 1800, when Matthew Bordly conveyed the land to John Bordly. If, then, the plaintiff claims only under the act of 1816, and not under a common law right of dower, she must fail; for at the date of the law of 1816, Matthew Bordly had no right or interest in the land out of which dower is new, claimed. The right to dower is a mere right of action. The act of 1793 limits all rights of action. "No person shall maintain a writ of right or any action, *Page 158 
real, personal or mixed for, or make any prescription or claim to, or in any lands, c., of the seizin of himself, his ancestor or predecessor, and alledge any such seizin, but only an actual seizin or possession of him, his ancestor or predecessor, of the premises sued for or claimed, within twenty years next before such writ or action hereafter to be had or brought; provided, if any person having right of entry shall be at the time of such right or title first descended or accrued an infant,feme covert, c., such person may, within ten years next after the removal of such disability, proceed, c., but not afterwards."
2. The estoppel. — The alienee of the husband is not estopped to deny the seizin of the husband in an action by the widow for dower, because the widow being a stranger to the deed is not estopped, and every estoppel must be mutual. This is the principle in the case cited, overruling Hitchcock vs. Harrington. c.
3. The legal seizin has not been proved.
By the Court: — The foundation of the right to dower in this State has been stated differently. In some cases it is claimed independently of the common law, and exclusively under the act of assembly; in others, as in this case, it is regarded as yet a common law right. The latter is the correct view. The act of 1816 gives no right of dower, but only denied certain restrictions which, by the practice in this State, were being imposed on the common law right, in the shape of incumbrances, alienations and debts of the husband. The act of 1816, defines the right of dower precisely as it is defined in Hawkins, quoted there from Littleton's tenures, except that it substitutes the expression "estate of inheritance" for Littleton's paraphrase of "estate in fee simple, fee trial, tail general or fee tail special." The object of the act of 1816, was to restore the common law right; and dower cannot be said to arise from or depend on that act in any other sense, than that the mode of remedy, and assignment is therein pointed out.
The question then is — 1. Is the right to dower barred by the act of limitation of 1793. We think not. The first clause of that act cannot apply to the case of dower, for it extends only to cases of rights of entry, which the widow's right is not; nor can the second clause apply to the case of dower, for it prohibits actions real for lands, c., of the seizin of the claimant or his ancestor or predecessor. In the case of a claim of dower, it cannot rest on the claimant's *Page 159 
own seizin, nor on that of her "ancestor or predecessor;" terms which imply a prior seizin of the same estate which she claims. — The dowress does not claim under or after her husband, as an heir under an ancestor or predecessor; she claims by a title paramount, or existing co-temporaneous with her husband, though not consummate until his death. The proviso which follows, of ten years' saving to femes covert c., at the time her title first accrued, can have no application to the case of a claim of dower. We are of opinion then, that under the existing laws, there is no act of limitation in this State, to the claim of dower. We are confirmed in this view, from the fact that such have been the uniform decisions in England, under the statute 32 Henry VIII, ch. 2, of which our act is almost a transcript. [4 Bac. Ab. Lim. B.]
2. Is the defendant, by the fact that he represents or claims under a party who took a conveyance from Matthew Bordly, estopped to deny the seizin of Matthew Bordly. Several of the New York cases, [Hitchcock vs.Harrington, and other cases,] do establish that the alienee or grantee of a husband could not set up his want of title against the widow's claim of dower; and this court in Griffith vs. Griffith, in a degree sanctioned the principle of these cases, though that case itself was decided on another ground. But in a subsequent case of Darby vs. Causey, the court doubted these cases, and qualified the remarks made on this question, in Griffith vs. Griffith.
The point, however, is unnecessary to the decision of this case, as the privity of Joshua Clayton in estate with Matthew Bordly, has not been proved so as to make the estoppel operate on him; nor has any evidence been offered of M. Bordly's seizin, except what is derived from the record of partition between Paca and Bordly, which is evidence as against Clayton, only on the assumption of privity of estate.
The defect in the plaintiff's case is a want of any evidence that Richard S. Thomas, under whom defendant claims, ever held or claimed, or took title under Matthew Bordly. Wanting this evidence, the partition title of Matthew Bordly is not admissible in this case, and no concessions or admissions in any deed from Matthew Bordly, John Bordley, or Thomas B. Randel, can estop Joshua Clayton to deny Matthew Bordly's title, which is not shown otherwise than by the record of partition and the deeds themselves.
 The plaintiff must, therefore, be nonsuited. *Page 160